**Karen BROWN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION**

v.

**John Richard Hughes and Viola E. Rodney.**

**Appeal of: Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2010.

Decided Jan. 19, 2011.

Calvin R. Koons, Senior Deputy Atty. General, Harrisburg, for appellant.

Scott E. Schermerhorn, Scranton, for appellee Karen Brown.

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals from the June 10, 2010, order of the Court of Common Pleas of Lackawanna County (trial court) denying DOT's second motion for summary judgment and certifying the issue of whether this action is barred by sovereign immunity for appeal to this court pursuant to section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b) (relating to interlocutory appeals by permission). We reverse.

Karen Brown was a passenger in a car driven by John Richard Hughes. Hughes fell asleep at the wheel, causing the car to miss a curve in the road, strike a low retaining wall, and fall forty feet. Brown, who suffered serious and extensive injuries as a result of this accident, sued DOT, alleging that DOT was negligent in failing to implant rumble strips along this curved portion of the road beside a steep drop.

DOT filed motions for summary judgment on two occasions, arguing that sovereign immunity barred Brown from recovery. The trial court denied both motions but the second time allowed an interlocutory appeal in order for this court to determine whether sovereign immunity applies in this case.[1] We conclude that sovereign

---

1. In an appeal from a trial court's order disposing of a motion for summary judgment, our scope of review is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Mason*

immunity does bar recovery in this case, and, therefore, DOT's motion for summary judgment should be granted.

Summary judgment is appropriate where the record clearly demonstrates that: (1) there are no genuine issues of material fact, and (2) the moving party is entitled to judgment as a matter of law. *Dean v. Department of Transportation,* 561 Pa. 503, 507, 751 A.2d 1130, 1132 (2000). The record must be viewed in the light most favorable to the opposing party. *Id.* Here, there are no genuine issues of material fact. Brown alleges that Hughes fell asleep while driving and that the car left the road and fell forty feet; DOT agrees. The only question is whether DOT is entitled to summary judgment as a matter of law.

▮▮▮ The Commonwealth is immune from suit except where the General Assembly has specifically waived immunity. 1 Pa.C.S. § 2310. Section 8522(b)(4) of the Judicial Code waives immunity for damages arising from a dangerous condition of the Commonwealth's "real estate, highways, and sidewalks." 42 Pa.C.S. § 8522(b)(4). This provision, known as the

"real estate exception" to sovereign immunity, is to be narrowly construed. *Dean,* 561 Pa. at 512, 751 A.2d at 1134.

▮▮▮ In order to recover damages under the real estate exception, the plaintiff must show not only that there was a dangerous condition of the Commonwealth's real estate, but also that the damages would be recoverable under the common law or by statute, had the injury been caused by a person not having available the defense of sovereign immunity. 42 Pa.C.S. § 8522(a).[2] What constitutes a dangerous condition of the highway is a question of fact for the jury. *Cowell v. Department of Transportation,* 883 A.2d 705, 708 (Pa.Cmwlth.2005). However, in order to prevail in a negligence action under common law, the plaintiff must establish that: (1) the defendant owed a duty of care to the plaintiff; (2) that duty was breached; (3) the breach resulted in the plaintiff's injury; and (4) the plaintiff suffered an actual loss or damages. *Merlini ex rel. Merlini v. Gallitzin Water Authority,* 602 Pa. 346, 354, 980 A.2d 502, 506 (2009). The question of whether a duty exists is purely a question of law.

---

& *Dixon Lines, Inc. v. Mognet,* 166 Pa. Cmwlth. 1, 645 A.2d 1370, 1372 n. 2 (1994).

2. Section 8522 of the Judicial Code provides in relevant part:

   **(a) Liability imposed.—The General Assembly,** pursuant to section 11 of Article I of the Constitution of Pennsylvania, **does hereby waive,** in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), **sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.**

   **(b) Acts which may impose liability.—** The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

   . . .

   **(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate** and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and **highways under the jurisdiction of a Commonwealth agency. . . .**

   42 Pa.C.S. § 8522(a), (b)(4) (emphasis added).

*McCandless v. Edwards*, 908 A.2d 900, 904 (Pa.Super.2006). If DOT had no duty to implant rumble strips in the road where Brown's accident occurred, Brown could not prevail in a negligence action at common law, and, therefore, summary judgment should be granted in DOT's favor.

In *Dean*, a truck fishtailed on a snow-covered road, causing the driver to veer off the highway and over a steep embankment. The plaintiff in *Dean* sued DOT, alleging that her damages would have been prevented or mitigated had there been a guardrail along that portion of the road. Our supreme court held that DOT did not have a duty to erect guardrails on its roads, and, therefore, DOT's failure to install guardrails on its highways is not encompassed by the real estate exception to sovereign immunity. *Dean*, 561 Pa. at 511–512, 751 A.2d at 1134.

Specifically, the *Dean* court noted that the "duty of care a Commonwealth agency owes to those using its real estate, is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Id.*, 561 Pa. at 510, 751 A.2d at 1133–34 (*quoting Snyder v. Harmon*, 522 Pa. 424, 435, 562 A.2d 307, 312 (1989)). Applying this principle of law to the facts presented in *Dean*, the court stated that:

> the absence of a guardrail cannot be said to be a dangerous condition of the real estate that resulted in a reasonably foreseeable injury.... Stated differently, the lack of a guardrail does not render

the highway unsafe for the purposes for which it was intended, i.e., travel on the roadway. This being the case, it is irrelevant whether the guardrail is found to be a part of the state-owned highway. We simply find that the legislature did not intend to impose liability upon the government whenever a plaintiff alleged that his or her injuries could have been avoided or minimized, had the government installed a guardrail along side the roadway.

*Id.*, 561 Pa. at 511–12, 751 A.2d at 1134 (footnotes omitted).

In other words, the court concluded that DOT does not have a duty to install guardrails because the absence of guardrails does not render the highway unsafe for its intended use. The same analysis applies to rumble strips. Rumble strips, like guardrails, are safety features that may reduce the injuries caused when a car drifts off the traveled roadway, but the *absence* of such safety features does not make the highway unsafe for its intended use and does not, in and of itself, *cause* accidents to occur.[3] *Id.* In *Dean*, the reason the vehicle left the road was that it slid on the snow, not that there was no guardrail. Similarly, here, the reason Hughes's car left the road was that Hughes fell asleep while he was driving it, not that there were no rumble strips to wake him up.[4] We therefore conclude that DOT did not have a duty to install rumble strips.

Brown distinguishes her case from *Dean*, arguing that rumble strips are actu-

---

3. Our conclusion is consistent with our holding in *Svege v. Interstate Safety Service, Inc.*, 862 A.2d 752 (Pa.Cmwlth.2004), in which this court held that the real property exception also does not apply where plaintiff alleged that his injuries were caused by the Commonwealth's failure to install larger, more stable concrete median barriers.

4. Our conclusion is consistent with our recent holding in *Lambert v. Katz*, 8 A.3d 409 (Pa. Cmwlth.2010), in which we held that DOT does not have a duty to replace outdated guard cable systems and too-narrow berms with wider berms and a more modern guardrail system as would be required under current standards if DOT were building the highway today.

ally part of the highway whereas guard-rails are not.[5] Given that the "highway" has been defined as the "cartway" (paved part of the road on which cars travel) and "berm" (shoulder), *see, e.g., Gramlich v. Lower Southampton Township,* 838 A.2d 843, 846–47 (Pa.Cmwlth.2003), we agree with Brown that rumble strips, where they have been installed, must be considered part of the road. However, where rumble strips have not been installed, their absence does not create a defect of the highway, and DOT has no duty to install them.

Accordingly, we reverse.

### ORDER

AND NOW, this 19th day of January, 2011, the June 10, 2010, order of the Court of Common Pleas of Lackawanna County is hereby reversed.

---

**5.** In a different line of cases, this court has held that DOT is not responsible for hazards existing off of the traveled portion of the road, and much emphasis has been placed on the question of whether a claim arises from a dangerous condition of the highway itself versus a dangerous condition alongside the highway. For instance, in *Pritts v. Department of Transportation,* 969 A.2d 1 (Pa.Cmwlth.), *appeal denied,* 603 Pa. 697, 983 A.2d 730 (2009), a seventeen-year-old girl was killed when she drifted off the roadway due to inattentiveness and hit a tree. The girl's estate sued DOT, alleging that the highway was not properly maintained because the tree was too close to the road. This court affirmed the trial court's decision to grant DOT's motion for summary judgment, concluding that DOT owed a duty of care only to maintain the "highway" in a safe condition but that duty did not extend to hazards located off of the highway even if they were within DOT's right-of-way. *Id.* at 3.

In *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), people who had stopped their car along the berm of the road late at night scrambled up an unlit embankment to avoid being hit by a second car. When they reached the top of the embankment, they fell into an adjacent strip mine. The plaintiffs claimed DOT was negligent in permitting a dangerous condition to exist alongside the road. However, our supreme court concluded that the real estate exception did not apply because it could not be said that these conditions were a defect of the highway itself.

While DOT argues that *Pritts* and *Snyder* are dispositive of the case now before us, we agree with Brown that her case is distinguishable because *Pritts* and *Snyder* involved claims that DOT was responsible for conditions alongside the highway—a tree and a deep chasm, respectively—as opposed to claims that the highway itself was defective. However, just because Brown alleges that there was a dangerous condition of the highway itself rather than a condition *alongside* the highway does not mean that the real estate exception automatically applies. We still must inquire whether DOT had a duty to install rumble strips in the first place.