IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony S. Twitty,             :
            Petitioner    :
                     :
     v.               :
                     :
The Pa. Dept. of Corr.,   :   No. 36 M.D. 2023
          Respondent  :   Submitted: July 5, 2024

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: July 26, 2024

Anthony S. Twitty (Twitty), an inmate in the State Correctional Institution (SCI) at Coal Township, has filed a Petition in this Court's original jurisdiction alleging that negligence by personnel of the Pennsylvania Department of Corrections (DOC) at SCI-Houtzdale in packing his personal property resulted in damage to his television set in transit during his transfer from SCI-Houtzdale to SCI-Coal Township. Because this Court lacks subject matter jurisdiction, this matter will be transferred to the Court of Common Pleas of Clearfield County, where SCI-Houtzdale is located.

## I. Background

Twitty alleges that his television set was undamaged and in working order when he surrendered it to personnel at SCI-Houtzdale to be packed for transport upon his transfer to SCI-Coal Township. When his belongings arrived at SCI-Coal Township, however, the television had a broken cable connector and was

unusable. Twitty filed a claim at SCI-Coal Township but was informed that he would need to grieve the issue at SCI-Houtzdale. He did so and exhausted all levels of the grievance process. Twitty relied on a DOC policy indicating that DOC personnel are responsible for packing an inmate's property for transfer and that the sending institution is responsible for any damages occurring in transit. His grievance was denied, however, because prison personnel alleged that they had not checked the condition of the television's cable connector when packing the television; thus, there was no documentation that the cable connector was not already damaged when the television was surrendered for packing.

Twitty then commenced this action in this Court's original jurisdiction. His claim sounds in negligence, inasmuch as a fair reading of his Petition reveals averments that DOC personnel had a duty to exercise due care in packing his television and that the failure to use proper care caused damage to the television, as shown by the arrival of the television in damaged condition although the box in which it was shipped was undamaged. *See Quinones v. Pa. Dep't of Transp.*, 45 A.3d 467, 470 (Pa. Cmwlth. 2012) (quoting *Brown v. Pa. Dep't of Transp.*, 11 A.3d 1054, 1056 (Pa. Cmwlth. 2011) (explaining that the plaintiff in a negligence action "must establish that: (1) the defendant owed a duty of care to the plaintiff; (2) that duty was breached; (3) the breach resulted in the plaintiff's injury; and (4) the plaintiff suffered an actual loss or damages") (additional quotation marks omitted)).

## II. Discussion

The DOC asserts preliminary objections contending that the Petition fails to state a claim on which relief can be granted, is insufficiently specific, and improperly seeks appellate review of an internal grievance determination. Before

we can reach any of these issues, however, we must first determine whether this Court has subject matter jurisdiction over the claim asserted in the Petition. *See Williams v. Wetzel*, 232 A.3d 652, 654 (Pa. 2020) (stating that a court may raise the issue of subject matter jurisdiction *sua sponte*). We conclude that we lack such jurisdiction.

> Section 761(a)(1)(v) of the Judicial Code provides:
>
> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> . . . .
>
> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. §761(a)(1)(v). Stated simply, an action in trespass that would formerly have been barred by immunity is excepted from this Court's original jurisdiction.

This case is on all fours with *Velez v. Wetzel* (Pa. Cmwlth., No. 651 M.D. 2020, filed Mar. 14, 2024),[1] in which an inmate filed a petition in this Court's original jurisdiction seeking, *inter alia*, money damages for damage to his television allegedly caused by the negligence of prison personnel. This Court explained in *Velez*:

> "An action in trespass . . . lie[s] 'for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant.'"

---

[1] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

3

> *Balshy v. Rank*, . . . 490 A.2d 415, 420 ([Pa.] 1985)
> (quoting Black's Law Dictionary 1674 (4th rev. ed.
> 1968)). Actions in the nature of trespass are expressly
> excluded from our original jurisdiction. 42 Pa.C.S. §
> 761(a)(1)(v). Simply stated, "this Court lacks original
> jurisdiction over tort actions for money damages . . . ."
> *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004).
> "[A]ll actions against the Commonwealth or its officers
> acting in their official capacity for money damages based
> upon tort liability . . . are properly commenced in the
> courts of common pleas." *Stackhouse v. Commonwealth*,
> . . . 832 A.2d 1004, 1008 ([Pa.] 2003); *see* Pa. Const. art.
> 5, § 5(b) (our courts of common pleas "hav[e] unlimited
> original jurisdiction in all cases except as may otherwise
> be provided by law").

*Velez*, slip op. at 10-11. We find the reasoning of *Velez* persuasive here and likewise conclude that we lack subject matter jurisdiction over Twitty's claim.

Pursuant to Section 5103(a) of the Judicial Code, this Court will not dismiss an erroneously filed matter for lack of jurisdiction, but rather, will transfer the case to the proper tribunal. 42 Pa. C.S. § 5103(a); *see Velez*, slip op. at 11 (first citing *Mayo v. Sec'y of Pa. Dep't of Corr.* (Pa. Cmwlth., No. 479 M.D. 2018, filed Dec. 9, 2020); and then citing *Prater v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 392 M.D. 2018, filed July 10, 2019)). Accordingly, as SCI-Houtzdale is located in Clearfield County, we will transfer this matter to the Court of Common Pleas of Clearfield County.

### III. Conclusion

For the foregoing reasons, this case will be transferred to the Court of Common Pleas of Clearfield County.

_____
CHRISTINE FIZZANO CANNON, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony S. Twitty,      :
     Petitioner  :
           :
   v.       :
           :
The Pa. Dept. of Corr.,    :  No. 36 M.D. 2023
     Respondent :

# **O R D E R**

AND NOW, this 26th day of July, 2024, this matter is TRANSFERRED to the Court of Common Pleas of Clearfield County for lack of subject matter jurisdiction. The Commonwealth Court Prothonotary shall transmit the record of the above-captioned proceedings to the Prothonotary of the Court of Common Pleas of Clearfield County, together with a copy of this opinion and order, as well as a copy of this matter's docket entries.

             _____
             CHRISTINE FIZZANO CANNON, Judge